Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3909 | **DATE** | 8/5/2010 |
| **CASE TITLE** | Evan Lofton vs. Panasonic Ideas for Life | | |

**DOCKET ENTRY TEXT**

Lofton's Motion to Proceed *In Forma Pauperis* [4] is denied and her Complaint is dismissed without prejudice for failure to state a claim upon which relief maybe granted. Lofton's Motion to Appoint Counsel [5] is denied without prejudice and may be brought again if she provides the Court with an amended Complaint explaining her claims.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Evan Lofton ("Lofton") moves the Court to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Lofton to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Lofton need not be penniless in order to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing life's necessities. *See id.* According to her financial affidavit, Lofton is currently unemployed with no sources of income and no assets. Based on these facts, Lofton's financial affidavit sets forth her inability to pay the mandated court fees. She would therefore be qualified to proceed in forma pauperis.

The Court, however, must look beyond Lofton's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Lofton's Complaint does not provide the Court with an adequate basis upon which to determine whether she has a viable claim under federal law. The Complaint includes a two-page statement of "ERISA rights, a 1987 "Annual Statement of Benefits" for Lofton from the Matsushita Industrial Company, and five copies of correspondence to or from various state and federal agencies regarding a claim for benefits made by Lofton under the Matsushita Industrial Company employee retirement plan. However, there is no factual narrative from which the Court could determine the nature of Lofton's claims, whether those

| STATEMENT |
|---|

claims are timely brought, or whether there is an adequate legal basis for any claims under ERISA. Thus, Lofton's claim is not properly before the Court under § 1915 and is dismissed for failure to state a claim upon which relief may be granted.

Lofton has also filed a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Civil litigants in federal court do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). Whether to appoint counsel for a civil litigant is a matter left to the district court's discretion. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The Court must first consider whether Lofton has made attempts to secure counsel herself, *see Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), but Lofton has not provided any information on this point, and one of the items of correspondence included in her filing was sent by an attorney, Andrew Haber. The Court has no information about the current state of Lofton's retention of Mr. Haber or about his willingness to represent her in this litigation. The Court must also consider and then examines "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. Lofton has not yet provided the Court with sufficient information to determine whether her claims are particularly difficult or complex, although the nature of her initial filing indicates that an attorney may be necessary in order for her to present her claims to the Court in a clear manner.

Lofton's Motion to Proceed *In Forma Pauperis* is denied and her Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Lofton's Motion to Appoint Counsel is denied without prejudice and may be brought again if she provides the Court with an amended Complaint explaining her claims.